UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE FIRST
INSTANCE COURT IN COMMERCIAL
MATTERS NO. 6 IN BUENOS AIRES,                Case No. _____
ARGENTINA IN THE MATTER OF
JAVIER CESAR PRIDA V.
DESPEGAR.COM.AR
_____/

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT
OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**

The United States of America, by and through counsel, submits this Memorandum of

Law in support of the Application for Order,[1] pursuant to 28 U.S.C. § 1782(a), to execute a

---

[1] While pleadings pursuant to 28 U.S.C. § 1782(a) are generally filed *ex parte*, they do not need to be filed under seal; thus, we have declined to file these documents *ex parte* to ensure that they are available on the public docket. *See, e.g.* Amended *Ex Parte* Application for Judicial Assistance in Obtaining Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 and Memorandum of Law in Support at 1 n.1, 1:12-mc-24515-FAM (S.D. Fla. Feb. 5, 2013) (Doc. 7) ("On the first issue, Applicant filed the petition *ex parte*, which is the common procedure for section 1782 petitions. … Notably, Pott did not request here that the petition be filed under seal; the Clerk of the Court did so *sua sponte*. At this Court's request, Pott re-files the petition on the public docket."); Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018). *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."); *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan,* 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); *In re Anglin*, No. 7:09cv5011, 2009 WL 4739481, at *1-2 (D. Neb. Dec. 4, 2009).

Letter of Request from judicial authorities in Buenos Aires, Argentina, for international judicial assistance to obtain documents and testimony from 4 Wheels Rent a Car.

## INTRODUCTION

The request for international judicial assistance comes from the First Instance Court in Commercial Matters No. 6 in Buenos Aires, Argentina ("Argentine Court"). Specifically, the Argentine Court issued a Letter of Request seeking assistance to obtain documents and testimony for use in *Javier Cesar Prida v. Despegar.com.ar*, Foreign Reference Number 23/2024. *See* Declaration of Trial Attorney Krysta M. Stanford, ¶ 2 & Ex. 1 [hereinafter Stanford Decl.] (Letter of Request received by the Office of International Judicial Assistance on January 5, 2024).

The facts of this case, as stated in the Letter of Request, indicate that this is a civil proceeding in which the Argentine Court is adjudicating the reimbursement claim of the plaintiff for services purchased through Despegar.com.ar relating to rental vehicles with 4 Wheels Rent a Car. In order to make its determination, the Court is requesting information regarding 4 Wheels Rent a Car's records related to the disputed transaction.

The Argentine Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter Hague Evidence Convention]. In order to execute this request for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782(a).

## ATTEMPTS TO OBTAIN REQUESTED INFORMATION

To date, 4 Wheels Rent a Car has refused to respond to multiple packages sent by Federal Express to the witness's residence. On February 26, 2024, OIJA sent a letter seeking 4 Wheels

Rent a Car's cooperation, with a requested response date of March 22, 2024. Ex. 3-A. The package was delivered by Federal Express, signature required, on February 28, 2024. *Id.* On March 28, 2024, having failed to receive a response from 4 Wheels Rent a Car, OIJA sent a second letter seeking 4 Wheels Rent a Car's cooperation, with a requested response date of April 19, 2024. Ex. 3-B. The package was delivered by Federal Express, signature required, on March 29, 2024. *Id.* On April 25, 2024, having again failed to receive a response from 4 Wheels Rent a Car, OIJA sent a third and final letter seeking 4 Wheels Rent a Car's cooperation, with a requested response date of May 17, 2024. Ex. 3-C. The package was delivered by Federal Express, signature required, on April 26, 2024. *Id.* OIJA, again, did not receive a response.

To date, 4 Wheels Rent a Car has not provided responses to the interrogatories despite being provided ample opportunity to do so voluntarily.

## ARGUMENT

### I. THE HAGUE EVIDENCE CONVENTION

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence Convention pmbl. The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and Argentina. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/acceptances/?mid=484 (last

3

visited July 5, 2024) (the Hague Evidence Convention entered into force between the United States and Argentina on January 30, 1988).

When executing a Letter of Request, the Hague Evidence Convention requires a Requested Authority to "apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings." Hague Evidence Convention, art. 10. Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Whitney v. Robertson*, 124 U.S. 190, 194 (1888) ("By the constitution, a treaty is placed on the same footing, and made of like obligation, with an act of legislation."). *See also Reid v. Covert*, 354 U.S. 1, 18 (2000) (acknowledging that the Supreme Court "has also repeatedly taken the position that an Act of Congress, which must comply with the Constitution, is on a full parity with a treaty").

**II.     STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE APPLICATION OF THE UNITED STATES**

Section 1782 authorizes a district court to order a person who "resides or is found" in that district to produce testimonial, documentary, or physical evidence "for use in a proceeding in a foreign or international tribunal." *Id.* § 1782(a). The statute permits a court to direct that the evidence "be produced before a person appointed by the court," who would be empowered to "administer any necessary oath and take the testimony or statement." *Id.* In addition, a § 1782

4

order "may prescribe the practice and procedure" for producing the document, including the practice and procedure of the requesting tribunal. *Id.* "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.* District courts have repeatedly appointed Department of Justice Attorneys to act as § 1782 commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts. *See, e.g.*, *In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory).

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g.*, *In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241.

This Court is authorized to provide assistance to the Argentine Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782(a). *Accord In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery*, 146 F.3d

188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (quoting *In re Application of Esses*, 101 F.3d 873 (2d Cir. 1996)).

Here, each of these threshold statutory requirements is easily met. First, 4 Wheels Rent a Car "resides or is found in" the Southern District of Florida because it is located, as verified through a public database search and through OIJA's attempts to contact the witness, in Miami, Florida. Second, the Letter of Request explains that requested evidence "for use in a proceeding before a foreign tribunal" as these documents and testimony are needed to adjudicate the reimbursement claim of the plaintiff for services purchased through despegar.com.ar relating to rental vehicles with 4 Wheels Rent a Car. *See* Stanford Decl. ¶ 2 & Ex. 1. Third, the Letter of Request is made by the Argentine Court, *id.*, which is a "foreign or international tribunal," 28 U.S.C. § 1782(a).

### III.   DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE APPLICATION OF THE UNITED STATES

Although "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so," *Intel*, 542 U.S. at 264, § 1782 "grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems," *Esses*, 101 F.3d at 876.

The Supreme Court has identified four factors that a court may consider in exercising its wide discretion to grant a § 1782(a) request: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. 264-65.

The statute's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" should guide the Court's analysis. *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Argentine Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912-13 (N.D. Cal. 2019) (finding that the first factor weighed in favor of granting the § 1782 application because the requesting German court was unable to compel the production of documents and testimony from a party residing or located outside Germany without U.S. court assistance). 4 Wheels Rent a Car is not a party to the proceedings and the evidence held by 4 Wheels Rent a Car appears to be outside the jurisdictional reach of the Argentine Court because 4 Wheels Rent a Car is physically located in Miami, Florida, and the Argentine Court has formally requested the assistance of the United States pursuant to the Hague Evidence Convention.

7

With respect to the second factor, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Argentine Court or the character of the proceedings. Additionally, this request was initiated by the Argentine Court and not by an independent party; therefore, the Argentine Court is clearly receptive to the assistance of this Court. *See In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Court, Sweden,* 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015) (holding that because the Swedish court sought judicial assistance from the United States, the second *Intel* factor weighed in favor of disclosure.).

With respect to the third factor, because the requester is the Argentine Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Argentine discovery rules or to thwart the policies of Argentina. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). There is also nothing to support a conclusion that the request would thwart the policies of the United States.

And with respect to the fourth factor, the request seeks specific information regarding records of an identified rental transaction, and therefore would not be unduly intrusive or burdensome. *See, e.g., In re Application of Mesa Power Grp., LLC,* 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) (holding that "no undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored."). *See also Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) ("[W]hether a request is intrusive or burdensome should not be assessed based on the 'discovery scope' available in a foreign proceeding. Few if any foreign jurisdictions permit the scope of discovery available in our courts.").

8

Accordingly, each of the four discretionary factors set forth in *Intel* favors authorizing judicial assistance to the Argentine Court.

## CONCLUSION

Attached to the Declaration of Krysta M. Stanford is the proposed subpoena that this office intends to serve (in substantially similar format) on 4 Wheels Rent a Car should the Court grant the Application pursuant to 28 U.S.C. § 1782(a). *See* Stanford Decl. ¶ 3 & Ex. 2. We respectfully request that the Court order 4 Wheels Rent a Car to produce the documents directly to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance for transmission to the First Instance Court in Commercial Matters No. 6 in Buenos Aires, Argentina. 28 U.S.C. § 1782(a) ("The order may prescribe the practice and procedure . . . for . . . producing the document . . . .").

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Department of Justice Trial Attorney Krysta M. Stanford for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Dated: July 18, 2024

Respectfully submitted,

MARKENZIE LAPOINTE
United States Attorney

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

AUGUST E. FLENTJE
Director, Office of Foreign Litigation
United States Department of Justice, Civil Division

By: /s/ Krysta M. Stanford
KRYSTA M. STANFORD
Trial Attorney
United States Department of Justice, Civil Division
Office of Foreign Litigation
Office of International Judicial Assistance
1100 L Street NW, Room 8024
Washington, DC 20530
Telephone: 202-353-2148
Email: Krysta.M.Stanford@usdoj.gov